UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YOLANDA ROSARIO,**

      **Plaintiff,**

v.                                                                                          Case No:   6:12-cv-1687-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# MEMORANDUM OF DECISION

Yolanda Rosario (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: 1) include all of Dr. Bartlett's opinions in her residual functional capacity ("RFC") determination; 2) include all of Dr. Wharry's opinions in her RFC determination; 3) articulate adequate reasons for giving "limited weight" to Dr. DeLuca's opinions concerning Claimant's functional capacity; 4) consider all of the findings, including Claimant's Global Assessment of Functioning score, contained in Dr. DeLuca's report; and 5) pose a hypothetical question to the Vocational Expert ("VE") that adequately reflect her limitations. Doc. No. 17 at 8-18. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do

more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.   ANALYSIS.**

**A.   Dr. Bartlett.**

At the center of this dispute, is whether the ALJ erred by not explaining why she did not include or otherwise account for Dr. Bartlett's opinion that Claimant be limited to "low stress settings" in her RFC determination or her hypothetical questions to the VE. Doc. Nos. 17 at 11-12, 17; 18 at 9, 15-17. On September 26, 2008, Dr. Bartlett, a non-examining doctor, completed

a Mental Residual Functional Capacity Assessment (the "Assessment").  R. 281-83.  Under section three of the Assessment, entitled "Functional Capacity Assessment," Dr. Bartlett opined that Claimant is "capable of doing simple and basic tasks under low stress settings of home or work."  R. 283.

At step four of the sequential evaluation process, the ALJ determined that Claimant has both exertional and nonexertional limitations.  R. 16, 56.[1]  Specifically, the ALJ found that Claimant has the following nonexertional limitations: 1) understand, remember, and carry out simple, routine tasks; 2) appropriately interact with coworkers and supervisors, but occasionally with the general public; 3) identify and avoid normal workplace hazards; and 4) adapt to routine changes in the work place.  R. 56.[2]  In so finding, the ALJ considered, among other things, Dr. Bartlett's Assessment.  R. 20.[3]  The ALJ provided a detailed summary of Dr. Bartlett's findings under section one of the Assessment, entitled "Summary Conclusions" (*Compare* R. 20 *with* R. 281-82), but did not mention Dr. Bartlett's opinion that notwithstanding her limitations Claimant is "capable of doing simple and basic tasks under low stress settings of home or work."  *See* R. 12-22.  The ALJ ultimately found that Dr. Bartlett's opinions were supported by the evidence and assigned "significant weight" to Dr. Bartlett's opinions without qualification.  *See* R. 20.

Claimant argues that since the ALJ gave "significant weight" to Dr. Bartlett's opinion, she should have included Dr. Bartlett's limitation to "low stress settings" in her RFC determination

---

[1] Claimant does not challenge the exertional limitations in the ALJ's RFC determination.  *See* Doc. No. 17 at 8-18.  Therefore, the Court will not address those limitations.

[2] The ALJ's decision does not mention these nonexertional limitations.  *See* R. 12-22.  However, the limitations do appear in both hypothetical questions posed to the VE.  R. 56-57.  Since the ALJ relied on the VE's testimony at step five to find that Claimant is not disabled, her omission of the nonexertional limitations in the decision is harmless.

[3] The record also contains opinions concerning Claimant's nonexertional limitations from Dr. DeLuca (R. 277-79), a one-time examining doctor, and Dr. Wharry (R. 297-99), a non-examining doctor.

and her hypothetical question to the VE.  Doc. No. 17 at 11-12, 17.[4]  The ALJ is not required to include every limitation into his or her RFC determination simply because he or she assigned great or significant weight to a medical opinion.  *See, e.g.*, 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]").  The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include particular limitations in his or her RFC determination. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)).

In *Green v. Comm'r of Soc. Sec.*, Case No. 6-12-cv-357-Orl-28KRS, 2013 WL 625063 (M.D. Fla. Jan. 23, 2013), *adopted*, 2013 WL 625576 (M.D. Fla. Feb. 20, 2013), the ALJ assigned significant weight to a mental RFC from a non-examining doctor, in which the doctor opined that the claimant "'appears capable of carrying out simple tasks in a *low stress work situation*[.]'"  *Id*. at *9.  The Court observed that "[w]hile the ALJ gave significant weight to [the doctor's] opinion . . . he did not include the limitation to work in a low stress work situation in the RFC or in the hypothetical question to the VE."  *Id*.  The Court also observed that the "ALJ also did not explain how the limitation to work in a low stress work situation was otherwise incorporated into the RFC." *Id*.[5]  Based on these observations, the Court concluded that "the record is insufficient to determine

---

[4] The Commissioner argues that the ALJ was not required to adopt Dr. Bartlett's opinions in their entirety, and thus her decision was supported by substantial evidence.  Doc. No. 18 at 9 (citing 20 C.F.R. § 404.1527(e)(2)(i)).

[5] The ALJ in *Green* found that the claimant had the following RFC:

> [T]he claimant is able to do the full range of medium work exertionally. However, he is limited to jobs involving simple, routine, repetitive tasks involving up to three step commands.  He may have occasional changes in the work setting

whether the failure to limit [the claimant] to work in a low stress work situation is based on substantial evidence and proper application of the law." *Id*.  As a result of this and other errors, the Court reversed and remanded the case back to the Commissioner.  *See also Cusimano v. Astrue*, Case No. 8:10-CV-2200-T-TGW, 2011 WL 3796746, at *2-4 (M.D. Fla. Aug. 26, 2011) (finding the ALJ committed reversible error when she did not provide any explanation for narrowing her interpretation of a treating physician's opinion that the claimant was only capable of low stress work); *Meade v. Astrue*, Case No. 8:09-cv-02027-T-27AEP, 2010 WL 5575303, at *6 (M.D. Fla. Dec. 17, 2010) (directing the ALJ on remand to consider a one-time examining doctor's opinion regarding claimant's need for a low stress work setting, and specifically note the weight given to that limitation).  The Court finds *Green* highly persuasive.

The issue at bar is nearly identical to the situation in *Green*.  Dr. Bartlett opined that Claimant is "capable of doing simple and basic tasks under low stress settings of home or work."  R. 283.  The ALJ assigned significant weight to this opinion.  R. 20.  Having given significant weight to Dr. Bartlett's opinion, the ALJ should have provided a reasoned explanation as to why she did not include or otherwise account for that limitation in her RFC determination or in her hypothetical questions to the VE.  *Green*, 2013 WL 625063, at *9; *see also Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7.  The ALJ, however, provided no such explanation, thus preventing meaningful review of the ALJ's decision to not include a limitation to which she otherwise gave significant weight.  *See* R. 12-22.  Accordingly, the ALJ's decision is not

---

and judgment or decision making and occasional interaction with the general public and coworkers.

*Id*. at *1.

supported by substantial evidence, and, as a result, the case must be remanded for further proceedings.[6]

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on February 20, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Douglas Wilson, Branch Chief
Melanie N. Williams, Assistant Regional Counsel

---

[6] The Court finds this issue dispositive and does not address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). While the Court will not address Claimant's remaining arguments, the Court notes that Claimant requests that "the decision of the Commissioner be reversed, and Disability Insurance benefits be granted to [her] under the Social Security Act[.]" Doc. No 17 at 18. Claimant, however, provides no argument in support of this request. *See* Doc. No. 17 at 8-18. Furthermore, the Court finds that the record does not reflect that Claimant is disabled beyond a reasonable doubt or has suffered an injustice. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden*, 672 F.2d at 840. Therefore, an award of benefits is not appropriate given the record in this case.

Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Angela Miranda
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Nat'l Hearing Center
5107 Leesburg Pike
Falls Church, VA 22041